UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$10,279 IN U.S. CURRENCY, AND ANY ACCRUED INTEREST,<br><br>Defendant. | CASE NO. CV20-1807<br><br>**VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |

## I. NATURE OF THE ACTION

1. This is a civil *in rem* action for the forfeiture of $10,279 in U.S. currency seized during execution of a warrant of arrest of Duncan Gibson on June 25, 2020 in Woodinville, Washington (hereafter, the "Defendant Currency").

## II. LEGAL BASIS FOR FORFEITURE

2. The Defendant Currency is forfeitable pursuant to 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C. § 841(a)(1) (unlawful distribution of a controlled substance). Specifically, counsel for the United States has a reasonable belief the government will be able to prove, to a preponderance at trial, that the Defendant Currency represents proceeds from the sale of controlled substances; moneys furnished or intended to be

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 1
*United States v. $10,279 in U.S. Currency, and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

furnished for the purchase of controlled substances; and/or moneys used or intended to be used to facilitate the unlawful distribution of controlled substances.

### III. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1345 (United States is plaintiff) and 1355(a) (action for forfeiture).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1355(b)(1)(A) (acts giving rise to the forfeiture occurred in this district) and 28 U.S.C. § 1395(b) (the Defendant Currency was seized in this district).

5. The United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") seized the Defendant Currency pursuant to a warrant, issued in Western District of Washington Cause No. MJ20-379, that authorized the arrest of Gibson. That warrant was executed on June 25, 2020. After taking custody of the Defendant Currency, the ATF subsequently transferred it to the custody of the United States Marshals Service ("USMS"), where it remains.

6. As provided in Supplemental Rule G(3)(b)(i), the Clerk of Court is required to issue a warrant to arrest the Defendant Currency if it is in the government's possession, custody, or control. As such, the Court will have *in rem* jurisdiction over the Defendant Currency when the accompanying Warrant of Arrest *in Rem* is issued, executed, and returned to the Court.

### IV. FACTUAL BASIS FOR FORFEITURE

7. The Defendant Currency was seized on June 25, 2020, in connection with an ongoing investigation of Gibson beginning on or about February 23, 2020.

8. On February 23, 2020, Arlington Police Department ("APD") officers were dispatched to a residence in Arlington, Washington, in the Western District of Washington, for reports of a suspicious vehicle—specifically, a Ford pickup truck (hereinafter, the "Ford Truck").

9. Upon arrival, APD observed the Ford Truck parked in the roadway, with multiple individuals, including an individual subsequently identified as Gibson, standing

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 2
*United States v. $10,279 in U.S. Currency, and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

close to the driver's side. APD conducted a records check of the Ford Truck and determined that Gibson was the truck's registered owner.

10. After observing what appeared to be a bong connected to a glass pipe in the Ford Truck, APD conducted an external K-9 search of the Ford Truck using a narcotics-detecting K-9 trained to detect odors emanating from cocaine, cocaine base, heroin, methamphetamine, and MDMA, but not marijuana. The K-9 alerted positively on the Ford Truck, indicating the presence of a trained odor.

11. Following the external K-9 search, APD impounded the Ford Truck pending a search warrant.

12. On February 24, 2020, a Snohomish County District Court Judge issued a warrant authorizing a search of the Ford Truck.

13. On February 26, 2020, APD executed the warrant. During the search, officers located controlled substances, apparent drug paraphernalia, and firearms, among other items.

14. On June 25, 2020, a criminal complaint was filed against Gibson in the United States District Court for the Western District of Washington at Seattle, in cause number MJ20-379, charging Gibson with one count of *Felon in Possession of Firearms* in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); one count of *Possession of Heroin and Fentanyl with Intent to Distribute* in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and (b)(1)(C), and 18 U.S.C. 2; and one count of *Possession of Firearms in Furtherance of a Drug Trafficking Crime* in violation of 18 U.S.C. § 924(c)(1)(A).

15. In conjunction with that complaint, United States Magistrate Judge Michelle L. Peterson issued a warrant for Gibson's arrest.

16. On June 25, 2020, members of the Snohomish County Violent Offender Task Force ("VOTF"), which is a subdivision of the United States Marshals Pacific Northwest Violent Offender Task Force, located Gibson in Woodinville, Washington, and took him into custody.

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 3
*United States v. $10,279 in U.S. Currency, and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

17. Shortly after Gibson's arrest, Special Agent ("SA") Matthew Wear of the ATF arrived at the location.

18. SA Wear was wearing a marked ATF ballistic vest and further identified himself verbally to Gibson. SA Wear explained that he had a federal warrant for Gibson's arrest.

19. Gibson then made an unsolicited statement that he was surprised SA Wear had not waited to arrest him as he was about to pick up 30 pounds of methamphetamine, 7 pounds of heroin, and an unknown number of pills, from somewhere in Eastern Washington.

20. After Gibson made the foregoing statement, law enforcement read Gibson his *Miranda* rights. Gibson verbally acknowledged that he understood those rights and that he was willing to waive his rights and speak to SA Wear.

21. After waiving his *Miranda* rights, Gibson again referenced the narcotics that he had intended to pick up in Eastern Washington.

22. Law enforcement seized multiple mobile phones found in Gibson's vehicle, as well as a hip pack and wallet that were found on Gibson's person.

23. Law enforcement later inventoried the hip pack and wallet. The hip pack contained various denominations of United States currency that totaled ten thousand dollars ($10,000). The wallet contained various denominations of United States currency that totaled two hundred seventy-nine dollars ($279). The foregoing United States currency comprise the Defendant Currency at issue in this civil action.

24. After speaking with Gibson at the scene of the arrest, law enforcement used a narcotics detection K-9, which performed an external search of Gibson's vehicle and positively alerted for narcotics in the vehicle.

25. Gibson's vehicle was subsequently towed to a Snohomish County Sheriff's Office's secure indoor impound area where law enforcement sealed and initialed all accessible entries to the vehicle as well as the truck bed toolbox. In addition, there were four bags found in the bed of the truck, which law enforcement secured inside the cab.

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 4
*United States v. $10,279 in U.S. Currency, and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

26. Later, on June 25, 2020, SA Wear and another law enforcement officer conducted an interview of Gibson.

27. Law enforcement again read Gibson his *Miranda* rights. Gibson again verbally acknowledged that he understood those rights and that he was willing to waive his rights and speak to SA Wear.

28. During the interview, Gibson discussed some of his Mexican drug cartel narcotics sources. Defendant Gibson stated that he was a point person for a "group" operating out of Michoacán that is smuggling narcotics into the United States. He went on to say that he was about to receive thirty pounds of methamphetamine, seven kilograms of heroin, and twenty thousand pills.

29. Gibson further stated that he spoke to his narcotics sources every day, mostly verbally by phone and through the WhatsApp application.

30. Gibson then told SA Wear that he had been on his way to Eastern Washington to meet one of his narcotics sources' family members when he was arrested.

31. On July 2, 2020, law enforcement obtained a federal search warrant in the United States District Court for the Western District of Washington, cause number MJ20-400, for a Ford truck registered to Gibson.

32. Pursuant to the federal search warrant, SA Wear and another law enforcement officer searched Gibson's vehicle and its contents.

33. Law enforcement identified the following items, among others, during the search:

    a. Two digital scales and narcotics packaging materials;
    b. Two blue M30 colored pills;
    c. Unknown pills in a dog prescription bottle;
    d. Nine and one-half additional blue colored M30 pills;
    e. Thirteen 8mg doses of suboxone;
    f. Nine unknown white colored pills;
    g. 12.7 gross grams of unknown pink colored pills;

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 5
*United States v. $10,279 in U.S. Currency, and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1       h.   5.2 gross grams of unknown white powder;

2       i.   Miscellaneous zip lock baggies and suspected narcotics filters;

3       j.   5.9 grams of suspected heroin;

4       k.   Two mobile phones; and

5       l.   Multiple firearms and associated ammunition.

34. On November 22, 2020, pursuant to a federal search warrant in the United States District Court for the Western District of Washington, cause number MJ20-399, issued on July 2, 2020, the ATF completed its analysis of two mobile phones recovered from Gibson incident to his arrest on June 25, 2020.

35. The extracted data from the phones show accounts for and probable usage by Gibson including, but not limited to, a Facebook account utilized on the device with account name "Duncan Gibson" (the "100001465745303/Duncan Gibson Account").

36. The ATF reviewed approximately eighty (80) Facebook Messenger conversations from the 100001465745303/Duncan Gibson Account that related to the possession, use, and distribution of controlled substances including, but not limited to, the following messages:

> **From: 100001465745303 Duncan Gibson (owner)**
>
> Hey how long are you going to be awake? I got to pay an Uber to bring this guy over to my house from Everett take about 45 minutes but I want to be able to speak to you in Spanish so you can understand everything that I'm saying. I'm the guy that you always want it to run into in America I'm the guy that can do good straight business with you without any of the stupid games that these people addicted to drugs play and with a long good reputation. My partner also has a excellent reputation. When me and my partner decide to do something together there is enough money that we don't need a front at all. We can come up with $50,000 if need be. Understand to come up with that type of money we have to liquidate all of our product or at least a large chunk of it but we can do that in a day or two. What we primarily sell is the clear. We sell about 50 lb of that a week between the two of us he sells about 35 lb and I sell 15. On the dark right now we sell probably just 3 kilos a week. I sell 2 he sells one. With the pills it's all about price well and quality right now I pay $6.50 when I buy anywhere from 1 to 499. I pay 6 for 1000 to 2000. I pay 5 for 5000+. I haven't bought 3 + 4000 before I've just bought usually either packs of 5000 or packs of 2000.
>
> Platform: Mobile
>
> 5/29/2020 02:50(UTC-7)

Source Extraction:
Full File System, Physical
Source Info:
Universal_Android Access.zip/data/data/com.facebook.orca/databases/threads_db2 : 0x506FA9 (Table: messages, Size: 14323712 bytes)

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 6
*United States v. $10,279 in U.S. Currency, and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

> **From:** 100001465745303 Duncan Gibson (owner)
>
> But the real magic happens when I go in there places. I can take is 30 clear to Montana or St Louis or Ohio all where I have friends. Then the clear can become 240000 as high as 300,000 instead of 120000 and the blues the same thing if they're done right. The people in those States snort suck up their nose however I say in Spanish sniff? The people either sniff for shoot it with a needles injected you know? Nobody smokes it but hopefully I will show them how they can do that and it will catch on. But I should be able to get you $10 a blue over there. I'm already taking a bunch but I need a bigger and more consistent line on clear. Also the blues too. And I can use white. It would have to be 96% or better A lot of people are going back to that now that there's no clear. Listen man I can do anything and everything. I've got my renter is going to Eastern Washington, LA, the midwest. I'm not like these kids I'm not like these kids. I am letting you know all of this and putting all of this on the table not because I need too... Everything is going quite well, but I don't ever want to only have one option. If something happens to my friend in Michoacán I would be dead in the water and I would need another supplier and not have one. Again I'm not like these other guys. I am book smart and I'm Street Smart. I am honest, I have integrity, I am on time, I operate with transparency. The hardest Part about working with new people is they're not used to honest people and then they worry about what angle am I trying to play over and over. The angle trying to play is honesty, integrity, and good workmanship help build great teams. A team is much stronger and more powerful and usually more successful the new loan individual. There are definitely more resources and it's impossible for do you have somebody watching your back if you are just a single person. I propose we start doing a little business good I have a great mini things I am starting up. I am going to be making some Mexican IDs and sending them to Mexico. These will be Americans with Mexican names. They should be able to scan but you would have to send the picture of the person. This is going to cost me about $7,000 to start up and be ready in a month
>
> **Platform:** Mobile
>
> 6/17/2020 21:41(UTC-7)

Source Extraction:
Full File System, Physical
Source Info:
Universal_Android Access.zip/data/data/com.facebook.orca/databases/threads_db2 : 0xBCEFA9 (Table: messages, Size: 14323712 bytes)

37. The ATF also recovered approximately 532 SMS/MMS text message conversations from one of the mobile phones. Most of the conversations reviewed by the ATF contained communications regarding the use, possession, and trafficking of controlled substances including, but not limited to, the following message:

//
//
//

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 7
*United States v. $10,279 in U.S. Currency, and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

> (owner)
> To: +5216871234308 Jesus
>
> Sorry man I've been working my ass off. I've been working for the other guy a lot it's going really good we're making a lot of money. So it turns out I was wrong I didn't have a warrant and I can travel to a lot of places seen a lot of things up right now. So Tiffany and I had a fight last night. She said you call her all the time to get recommendations about people. I'm sure when she's happy with someone or getting drugs or money from them she gives them good recommendations. I am telling you this because number one she doesn't talk that good about you and number two I assume she'll start talking bad about me because I threw her out of my car for talking shit. Here's what I can tell you I am at: I sent 50000 American back to Mexico last week I sent $70,000 today and after I get rid of these last blues, I will start making some serious money for my guy: 30 lb of clear 7 kilos of dark and 20000 blues. If I sell that here I will get 120,000= clear 140000 = brown 100000,= blue
>
> | Participant | Delivered | Read | Played |
> |---|---|---|---|
> | +5216871234308 Jesus | | | |
>
> Status: Sent
>
> 6/17/2020 19:38(UTC-7)

Source Extraction:
Full File System, Physical
Source Info:
Universal_Android Access.zip/data/user_de/0/com.android.providers.telephony/databases/mmssms.db : 0x904325 (Table: sms, Size: 9789440 bytes)

38.  The ATF also reviewed approximately twenty-one (21) WhatsApp Messenger conversations from one of the mobile phones that related to the possession, use, and distribution of controlled substances. Some messages in those conversations even attached images depicting what appeared to be controlled substances, currency, and firearms. Such messages include, but are not limited to, the following:

   a. **5/27/2020 08:55 (UTC -7)**

   From: 12065568035@s.whatsapp.net Whitey (owner)

   To: 5216611474734@s.whatsapp.net Rt

   *His dude can't keep him supplied right now this how we really need you but I think I better give you some realistic numbers. We could easily sells 70 lb of shards every week no problem. That's just Steve in this area. I think you have to have to give him at least 30 pounds a week minimum to hold him. At least one or two kilos of brown a week and 7000- 10,000 blues per week. Your bare minimum numbers to hold him would probably be 30 lb clear one kilo of brown and 5000 blue. It*

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 8
*United States v. $10,279 in U.S. Currency, and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*definitely did not look like that was going to be sitting in the next load but I'm sure we'll get there rather soon*

   b. **6/6/2020 08:54 (UTC -7)**

     From: 12065568035@s.whatsapp.net Whitey (owner)

     To: 5216611474734@s.whatsapp.net Rt

     Attachment: File name: IMG-20200606-WA0003.jpg



   c. **6/6/2020 11:19 (UTC -7)**

     From: 12065568035@s.whatsapp.net Whitey (owner)

     To: 5216611474734@s.whatsapp.net Rt

     Attachment: File name: IMG-20200606-WA0005.jpg



VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 9
*United States v. $10,279 in U.S. Currency, and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

d. **6/17/2020 11:05 (UTC -7)**

   From: 12065568035@s.whatsapp.net Whitey (owner)

   To: 5216611474734@s.whatsapp.net Rt

   *I changed 5000 in 20s into 100s. Where's your dude*

e. **6/17/2020 12:08 (UTC -7)**

   From: 12065568035@s.whatsapp.net Whitey (owner)

   To: 5216611474734@s.whatsapp.net Rt

   Attachments: File name: IMG-20200617-WA0001.jpg,

   

   File name: IMG-20200617-WA0002.jpg

   
VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 10
*United States v. $10,279 in U.S. Currency, and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

File name: IMG-20200617-WA0004.jpg,



File name: IMG-20200617-WA0006.jpg



VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 11
*United States v. $10,279 in U.S. Currency, and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

39.  6/24/2020 14:16 – 14:17 (UTC -7)

From: 12065568035@s.whatsapp.net Whitey (owner)

To: 5216611474734@s.whatsapp.net Rt

Attachments: File name: IMG-20200624-WA0000.jpg



File name: IMG-20200624-WA0002.jpg


VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 12
*United States v. $10,279 in U.S. Currency, and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

File name: IMG-20200624-WA0003.jpg



40. The ATF initiated administrative forfeiture proceedings against the Defendant Currency pursuant to 19 U.S.C. §§ 1607 – 1609, by way of 21 U.S.C. § 881(d) and 18 U.S.C. § 981(d), on the grounds it constitutes proceeds of the distribution of controlled substances and/or moneys furnished or intended to be furnished for the purchase of controlled substances in violation of 21 U.S.C. §§ 841 and 846.

41. On August 11, 2020, as part of those administrative proceedings, the ATF sent notice of the pending forfeiture to all identified potentially interested parties, including Gibson, as required by 18 U.S.C. § 983(a)(1).

42. On September 8, 2020, Gibson, submitted an administrative claim to the Defendant Currency. In his claim, Gibson asserted the Defendant Currency reflects unemployment benefits he allegedly received from the State of Washington and/or a portion of a home equity loan he allegedly received. He also asserted that "Washington State unemployment and Bank of America can support [his] claim," but that he had difficulty accessing supporting information given his detention in a federal detention center.

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 13
*United States v. $10,279 in U.S. Currency, and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

43. Notwithstanding Gibson's claim, the United States has been unable to identify any information that would indicate Gibson had any legitimate sources of income during the relevant time periods. To the contrary, Gibson's statements to law enforcement and communications with third parties suggest that Gibson had in his possession large amounts of currency representing proceeds of unlawful distribution of controlled substances.

44. Moreover, even if some or all of the Defendant Currency represented some combination of proceeds from unemployment benefits and/or a home equity loan, it would still be subject to forfeiture if, as Gibson's statements to law enforcement and communications with third parties suggest, Gibson intended to furnish the Defendant Currency for the unlawful purchase of controlled substances.

## V. REQUEST FOR RELIEF

As required by Supplemental Rule G(2)(f), the facts set forth in this Verified Complaint support a reasonable belief that the United States will be able to meet its burden of proof at trial. More specifically, these facts support a reasonable belief that the United States will be able to prove, at trial, that the Defendant Currency represents proceeds from the sale of controlled substances; moneys furnished or intended to be furnished for the purchase of controlled substances; and/or moneys used or intended to be used to facilitate the unlawful distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1), which renders it forfeitable pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States respectfully requests:

1. A warrant issue for the arrest of the Defendant Currency;
2. That due notice be given to all interested parties to appear and show cause why the Defendant Currency should not be forfeited;
3. The Defendant Currency be forfeited to the United States for disposition according to law; and,

//
//

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 14
*United States v. $10,279 in U.S. Currency, and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

4. For such other and further relief as this Court may deem just and proper.

DATED this 14th day of December, 2020.

>Respectfully submitted,
>
>BRIAN T. MORAN
>United States Attorney
>
>*/s/ Jehiel I. Baer*
>
>JEHIEL I. BAER
>Assistant United States Attorney
>United States Attorney's Office
>700 Stewart Street, Suite 5220
>Seattle, Washington 98101
>(206) 553-2242
>Jehiel.Baer@usdoj.gov

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 15
*United States v. $10,279 in U.S. Currency, and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**VERIFICATION**

I, Matthew Wear, am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives in Seattle, Washington. I furnished the investigative facts contained in the foregoing Verified Complaint for Forfeiture *In Rem*. The investigative facts are based on personal knowledge I obtained from my involvement in the underlying investigation, my review of the relevant investigative material, other law enforcement officers involved in the investigation, other reliable official Government sources, and my own training and experience.

I hereby verify and declare, under penalty of perjury pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Forfeiture *In Rem*, that I know its contents, and that the facts it contains are true and correct to the best of my knowledge.

Executed this  14th  day of December, 2020.

_____
Digitally signed by MATTHEW WEAR
Date: 2020.12.14 12:53:38 -08'00'

MATTHEW WEAR
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 16
United States v. $10,279 in U.S. Currency, and Any Accrued Interest

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

### DEFENDANTS
$10,279 IN U.S. CURRENCY, AND ANY ACCRUED INTEREST.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jehiel I. Baer, Assistant United States Attorney
United States Attorney's Office, Asset Forfeiture Unit
700 Stewart Street, Suite 5220, Seattle, WA 98101-1271

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [x] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [x] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** / **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. § 881(a)(6) for violations of 21 U.S.C. § 841(a)(1)

Brief description of cause:
Seeking civil forfeiture of proceeds of, and/or facilitating property for, and/or moneys furnished for the unlawful distribution of a controlled substance

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: December 14, 2020

SIGNATURE OF ATTORNEY OF RECORD
/s/ Jehiel I. Baer

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$10,279 IN U.S. CURRENCY, AND ANY ACCRUED INTEREST,<br><br>Defendant. | CASE NO. CV20-1807<br><br>**WARRANT OF ARREST *IN REM*** |

TO:   UNITED STATES MARSHALS SERVICE
       *and/or its duly authorized agents and representatives*

WHEREAS, a Verified Complaint for Forfeiture *in Rem* was filed in the above-captioned action on December 14, 2020 alleging the Defendant $10,279 in U.S. currency and any accrued interest (hereafter, "the Defendant Currency") is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) for violation of 21 U.S.C. § 841(a)(1) (unlawful distribution of a controlled substance); and,

WHEREAS, as reflected in the Verified Complaint, the Defendant Currency is in the government's possession, custody, and control;

WARRANT OF ARREST *IN REM* - 1
*U.S. v. $10,279 in U.S. Currency, and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

YOU ARE, THEREFORE, HEREBY COMMANDED, pursuant to Supplemental Rule G(3)(b)(i) of the Federal Rules of Civil Procedure, to arrest and seize the Defendant Currency; and,

YOU ARE FURTHER COMMANDED that, after executing this arrest and seizure, you promptly file a record so reflecting in this Court.

DATED this _____ day of_____, 2020.

                                                    WILLIAM M. McCOOL
                                                    UNITED STATES DISTRICT COURT CLERK

                                                    By: _____
                                                           DEPUTY CLERK

Presented by:

 */s/ Jehiel I. Baer*
JEHIEL I. BAER
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA  98101
(206) 553-2242
Jehiel.Baer@usdoj.gov

<u>NOTE</u>:  This warrant is issued pursuant to Supplemental Rule G(3)(b)(i) of the Federal Rules of *Civil Procedure (governing civil forfeiture actions* in rem*)*.

WARRANT OF ARREST *IN REM* - 2
*U.S. v. $10,279 in U.S. Currency, and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970